JORGE ANDINO RONDÓN, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN, ETC., Respondent and Appellee.

No. AP-64-10.    Decided January 28, 1965.

*Doris C. Figueroa*, counsel appointed by the Supreme Court on appeal to give legal aid to appellant. *J. B. Fernández Badillo, Solicitor General*, and *Manuel Tirado Viera, Assistant Solicitor General*, for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Petitioner was convicted on four counts of aggravated assault and battery, committed with a penknife against several women who were related to one another. He appealed and subsequently filed a petition for habeas corpus in the Superior Court alleging that he lacked adequate legal assistance during the trial for those offenses. The Superior Court issued the writ and after the proper hearing dismissed the petition. Petitioner appealed from that judgment to this Court, assigning the following two errors:

1. "The trial court committed reversible error in dismissing the petition for habeas corpus on the basis that one cannot desist from an appeal to file a motion for habeas corpus."
2. "The trial court committed reversible error in stating that the attorney who assisted defendant during the trial, conferred with him extensively and fully examined the witnesses who testified during the hearing of the cases against defendant."

The second error assigned alleges that defendant did not have adequate legal assistance during the trial. There was conflict in the evidence regarding this point which was decided adversely to appellant.

Defendant appeared for trial without counsel. The court designated Mr. Arnaldo Sánchez Recio to represent him. Defendant testified that Mr. Sánchez Recio did not examine him; that they only talked for about two minutes; that he

informed the attorney that he (defendant) had three witnesses but the attorney did not pay any attention to defendant; that the People introduced five witnesses for the prosecution but his counsel did not address a single question to them; that Mr. Sánchez Recio did not question him either when he testified.

Mr. Sánchez Recio stated that he conferred with the defendant for about an hour or an hour and a half; that while they conferred the court continued to hear other cases; that he asked defendant if he had any witnesses and the latter answered he did not; that defendant would only say that it was all a frame up; that although he tried he was unable to obtain any more information from defendant. Counsel for the defense also alleged that the trial lasted about an hour and a half; that he cross-examined the witnesses for the prosecution extensively; that defendant testified; that he examined defendant; that defendant "talked about constitutional rights for about 15 minutes" and the court replied that his rights would be guaranteed.

Petitioner expects us to believe that the Superior Court which appointed his defense counsel permitted a proceeding in which at least six persons testified while defendant's attorney did not do a thing in discharge of his duty. We believe the weighing of the evidence made by the trial court is correct. The evidence largely supports the conclusion that defendant's defense was bona fide and not pro forma. *People* v. *Pardo Toro*, 90 P.R.R. 618 (1964); *Hernández* v. *Delgado, Warden*, 82 P.R.R. 474 (1961); *People* v. *Torres*, 81 P.R.R. 659 (1960). The second error assigned was not committed. In view of the conclusion we have reached, the discussion of the first error assigned is unnecessary.

The judgment appealed from will be affirmed.